UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| **TOM LAWSON** | : | |
| *On behalf of himself and other similarly situated participants,* | | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN HENDERSON** | : | **Case No. : 3:23-cv-374-BJB** |
| *On behalf of himself and other similarly situated participants,* | | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CREW AVIATION, LLC,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CLYDE F. ENSOR III** | : | |
| | : | |
| **and** | : | |
| | : | |
| **TIMOTHY LEE PEACE** | : | |
| | : | |
| **Defendants.** | | |

## COMPLAINT AND JURY DEMAND

Plaintiffs Tom Lawson and John Henderson ("Class Representatives"), on behalf of themselves and all other similarly situated persons in the proposed Class described in this Complaint, bring this action against Defendants Crew Aviation, LLC, Clyde F. Ensor III, and Timothy Lee Peace, and all related entities, and allege as follows:

### Nature of Action and Summary of Claims

1.      This case is brought as a class action by the Class Representatives on behalf of themselves and a class of similarly situated employees of the corporate Defendant Crew Aviation, LLC ("Proposed Class Members"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, under ERISA, 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

2.      Plaintiffs Tom Lawson and John Henderson, like other similarly situated employees, participated in a 401(k) Profit Sharing Plan ("Plan") offered by Defendants through their employment with Defendant Crew Aviation, LLC. Plaintiffs elected to defer a percent of their salary into Defendants' 401(k) Plan but unbeknownst to employees and plan participants, from at least October of 2021 to the present, Defendants failed to timely segregate the elected deferrals from Defendants' bank account into participants' individual 401(k) Plan accounts and instead retained the deferrals for Defendants' use. Defendants also failed to make the required matching contributions of up to 3% of participants' deferrals to their respective 401(k) Plan accounts.

3.      Plaintiffs Lawson and Henderson bring claims for breaches of fiduciary duty and prohibited transactions under ERISA against Defendants for deduction of benefit contributions from employee paychecks, failure to properly remit those withholdings to the Plan, failure to remit employer's 401(k) contributions, use of those amounts withheld for purposes related to the operation of the business or personal gain, and failure to adequately monitor other fiduciaries.

### Jurisdiction and Venue

1.      Plaintiffs bring these claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and under Section 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(a)(2) and (3), to enforce their rights under the Plan, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. §1109, and to obtain further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2.      The Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), and it may assert personal jurisdiction over Defendants because they reside within Jefferson County, Kentucky and because the prohibited transactions occurred within this judicial district.

### Parties

3.      The Crew Aviation, LLC 401(K) Profit Sharing Plan (hereinafter the "Plan") is an employee benefit profit-sharing plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), subject to coverage under ERISA pursuant to Section 4(a), 29 U.S.C. §1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

4.      Defendant Crew Aviation, LLC ("Crew Aviation") is a Kentucky company in the business and charter jet industry, and provides private jet management services. Crew Aviation is both the sponsor to and administrator of the Plan, and fiduciary to plan participants and Plaintiffs. Crew Aviation's principal place of business is 1176 Standiford Ave., Louisville, Ky 40213.

5.      Defendant Clyde F. Ensor III has been the owner, President and C.E.O. of Defendant Crew Aviation at all relevant times until, upon information and belief, Mr. Ensor sold the company to Defendant Tim Peace in late June 2023 due to Mr. Ensor's personal financial difficulties.

6.      Defendant Ensor was at all relevant times a "fiduciary" to Plan participants within the meaning of ERISA 29 U.S.C. §1002(21)(A) and (C), 29 U.S.C. §1002(14)(A) and (E). On information and belief, Defendant Ensor has exercised discretionary authority and control with respect to management of the Plan, and management and disposition of employee contributions to the Plan, which constitute plan assets. Defendant Ensor functioned as a fiduciary with respect to the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA Sections 3(14)(A) and (E),  29 U.S.C. §1002(14)(A) and (E).  In his role as fiduciary, Defendant Ensor had, among other fiduciary duties,

a duty to monitor the actions of other fiduciaries. Defendant Ensor can be served at his personal address at 14401 River Beauty Loop, Prospect, KY. 40059

7.      Ensor was at all relevant times responsible for the day to day financial matters at Crew Aviation, including processing of payroll and administration of the Plan and, as such, Ensor exercised authority and control with respect to the management and disposition of employee contributions to the Plan withheld from employees' paychecks, which constitute plan assets.

8.      Upon information and belief, Defendant Timothy Peace purchased all or some of the shares of Crew Aviation from Defendant Ensor in 2023. Prior to owning Crew Aviation, Defendant Peace was the Chief Operating Officer and Director of Operations responsible for " safety, administration, legal, fiscal, maintenance, flight, scheduling and other matters at the company.

9.      Defendant Timothy Peace is a "fiduciary" to the Plan within the meaning of ERISA 29 U.S.C. §1002(21)(A) and (C), 29 U.S.C. §1002(14)(A) and (E), by virtue of his position with Crew Aviation as Chief Operating Officer, and functioned as fiduciary at all relevant times with respect to the Plan as defined in ERISA.

10.     Plaintiff Tom Lawson at all times relevant to this action, was employed by Defendants as a pilot and participated in the Plan.

11.     Plaintiff John Henderson has been, at all relevant times, employed by Defendants as a Chief Pilot and participated in the Plan.

12.     Plaintiffs Lawson and Henderson elected to participate in the Plan when their employment began in or around 2021. Upon information and belief, the Crew Aviation retirement plan has been in existence since before 2021.

13.    Pursuant to the Plan, participants could elect to defer a certain percentage of their income to be deposited into their 401(K) account and Defendants were obligated to match up to 3% of the contributions made by participants, including Plaintiffs, to the 401(K) account.

14.    Defendants deducted certain amounts from Plaintiffs' biweekly paychecks for payment to their respective retirement accounts under the Plan as required contributions. Specifically, Defendants deducted 12% of Lawson's gross income beginning in approximately February 2022 to be deposited into Lawson's 401(k) Plan account in which he participated by virtue of his employment. Beginning in approximately October of 2021, Defendants deducted approximately 5% from Henderson's gross income to be deposited into Henderson's 401(k) Plan account in which he participated by virtue of his employment.

15.    Plaintiffs were "participants" within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), during the period that Defendants deducted employee contributions to the Plan from their paychecks.

16.    Under the terms of the Plan, and federal regulation, Defendants were required to match up to 3% of Plaintiffs' deferrals.

17.    Defendants did not deposit or segregate Plaintiffs' deferrals into their Plan accounts and Defendants did not match their elective deferrals as required under the Plan.

18.    Plaintiffs and other participants notified Defendants that the elective deferrals were not deposited into their Plan accounts on multiple occasions, but Defendants continued to withhold Plaintiffs' deferrals from their compensation, continued to fail to deposit those deferrals into Plaintiffs' Plan accounts and continued to fail to make up for any of the missing deferrals into Plaintiffs' Plan accounts.

19.     Upon information and belief, Defendants failed to deposit deferrals or make required matching contributions into Defendants' other employees' respective retirement Plan accounts.

20.     Defendants have determined not to remit Plaintiffs and other employee contributions to the Plan and instead either diverted those payments to the general assets of Defendants or directed those contributions for uses other than the sole and exclusive purpose of providing benefits to Plaintiffs and other participants and beneficiaries under the Plan.

## CLASS ACTION ALLEGATIONS

21.     Class representatives bring this action on behalf of themselves and the following Plaintiff class: all employees of Crew Aviation, LLC and all related entities, who participated in the 401(K) Profit Sharing Plan sponsored by Crew Aviation, LLC, and whose salary deferrals and employer matching contributions have not been remitted to the 401(k) Plan as required.

22.     The exact number of Class Members is not presently known, but, on information and belief, is in excess of 50. The class is so numerous that joinder of all members is impracticable.

23.     Upon information and belief, the Class Members participated in an identical Plan, which was offered through Crew Aviation, LLC.

24.     There are common questions of law and fact that relate to, affect, and which are common to the Class Members. These include without limitation: (1) whether, in failing to forward employee contributions to the 401(k) Plan or make the required 3% matching contributions, Defendants breached their fiduciary duties owed to Class Members under ERISA and the Plan; (2) whether, in failing to provide notice of non-remittance of deferrals of pay to the 401(k) Plan while continuing to collect bi-weekly deferrals, Defendants breached their fiduciary duties owed to Class Members under ERISA; (3) whether the Defendants' diversion of employee contributions intended for the 401(k) Plan to the general accounts of Defendants or to other

corporate or personal uses, breached Defendants' fiduciary duties, and constitute prohibited transactions.

25.    The relief sought is common to all members of the Class.

26.    The claims of the Class Representatives are typical of the claims of the Class in that: all Class Members assert that Defendants are obligated under ERISA to forward contributions for employee benefits to those respective Plans; and Defendants have violated ERISA in failing to forward or as required remit contributions and/or deferrals.

27.    No conflict exists between any Class Representative and other members of the Class with respect to this action.

28.    The Class Representatives are able to, and will, fairly and adequately protect the interests of the Class.

29.    The attorney for the Class Representatives is experienced and capable in the field of employee benefits law, and has successfully prosecuted class actions and actions of a similar nature.

30.    This action is properly maintained as a class action under Fed. R. Civ. P. 23(b)(2), in that defendants have acted on grounds generally applicable to the Class by failing to forward employee contributions and/or deferrals to the Plan, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31.    This action may, in addition or in the alternative, be maintained pursuant to Fed. R. CIV. P. 23(b)(1) as the prosecution of individual actions by Class Members addressing the subject matter of this action would present the risk of inconsistent or varying adjudications which would potentially establish incompatible standards of conduct governing Defendants or which as a

practical matter be dispositive of non-party Class Members or otherwise substantially impair or

impede their ability to protect their interests.

**FIRST CAUSE OF ACTION**
(Breaches of Fiduciary Duty under ERISA)

32.     Plaintiffs incorporate the above allegations as if fully restated herein.

33.     Upon information and belief, Defendants have caused to withhold from Plaintiff Lawson's

paycheck an amount to be determined for deposit into his 401(k) Retirement Account under the

Plan, and have caused to withhold from Plaintiff Henderson's paycheck an amount to be

determined for deposit into his 401(k) Retirement Account under the Plan without forwarding

those witholdings to Plaintiffs' custodial trustee for the 401(k) Plan.

34.     Upon information and belief, Defendants have not made employer matching contributions,

despite being obligated under the terms of the Plan to match up to 3% of Plaintiffs' salary.

35.     Contributions to the Plan deducted from employee paychecks become assets of the Plan as

soon as they can reasonably be segregated from general assets of the corporation, but, for plans

with less than 100 participants, in no event later than seven (7) business days after the date they

were otherwise payable to participants.  29 C.F.R. §2510.3-102(a).

36.     Defendants failed to take action to restore to the Plan the full amount of the Plan assets

used for Defendants' purposes, and the earnings that would have accrued but for the actions

described in the preceding paragraphs.

37.     Defendants failed to monitor, control, or attempt to rectify the acts of one another with

respect to the Plan.

38.     Defendants have failed to take any action despite Plaintiffs' and other participants'

repeated attempts to be reimbursed for the withheld funds.

39.    As fiduciaries to the 401(k) Plan, Defendants owed fiduciary duties to the 401(k) Plan and

its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. § 1104, 1105, 1106,

and 1108.

40.    Defendants grossly and deliberately breached their fiduciary duties by their failure to remit

deducted employee contributions to the Plan, their failure to make matching employer

contributions, and diverting those plan assets to other corporate and/or personal purposes, in

violation of ERISA and 29 C.F.R. §2510.3-102.

41.    In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of

the participants and beneficiaries of the Plan, for the exclusive purpose of providing benefits to

participants and beneficiaries of the Plan, and in accordance with the documents and instruments

governing the Plan, all in violation of §404(a)(1) of ERISA, and 29 C.F.R. §2510.3-102.

42.    In so doing, Defendants failed to discharge their duties with respect to the Plan solely in

the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence

under the circumstances then prevailing that a prudent person acting in a like capacity and familiar

with such matters would use in the conduct of an enterprise of a like character and with like aims,

in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

43.    Defendants, as fiduciaries of the Plan, failed to ensure that all assets of the Plan be held in

trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a).

44.    Defendants, as fiduciaries of the Plan, failed to ensure that the assets of the Plan did not

inure to the benefit of the Company, in violation of ERISA Section 403(c)(1), 29 U.S.C. §

1103(c)(1).

45.    Defendants, as fiduciaries of the Plan, caused the Plan to engage in transactions which they

knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of

Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

46.     Defendants, as fiduciaries of the Plan, dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1).

47.     Defendants, as fiduciaries of the Plan, acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2) .

48.     Defendants, as fiduciaries of the Plan, failed to discharge their fiduciary duties with respect to the Plan by failing to disclose to employees the non-payment of employee contributions, in violation of Section 404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

49.     Defendants, as fiduciaries of the Plan, caused Plaintiffs to suffer loss of benefits and rights to which they were entitled under the terms of the Plan.

50.     Defendants further failed to discharge their fiduciary duties with respect to the Plan by failing to disclose to employees the non-payment of employee contributions, in violation of ERISA, §404(a)(1)(B).

51.     Defendants are each liable for the breaches of the other, pursuant to Section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of Section 405(a)(3) of ERISA, 29 U .S.C. § 1105(a)(3) .

52.     Pursuant to Section 409(A) of ERISA, Ensor and Peace are personally liable to make whole the 401(k) Plan and its participants for all losses resulting from their breaches.

### SECOND CLAIM FOR RELIEF
(Prohibited Transactions under ERISA relating to the 401(k) Plan)

53.    Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

54.    Defendants, as Plan Sponsors and fiduciaries to the 401(k) Plan, are parties in interest to the 401(k) Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

55.    By diverting, or permitting or allowing diversion of, employee contributions to the 401(k) Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

56.    By this conduct, Defendants engaged in prohibited transactions under ERISA.

### PRAYER FOR RELIEF

57. For all the foregoing reasons, Plaintiffs request the following relief to be awarded by the Court:

a.    An Order directing Defendants to immediately remit contributions to the 401(k) Plan in sufficient amount to make whole the retirement savings account of the Plan participants, inclusive of lost interest and/or earnings;

b.    A declaration that the Defendant corporations, and Ensor and Peace in their personal capacities, are jointly and severally liable to make whole the 401(K) Plan and its participants for all losses resulting from each breach of fiduciary duty pursuant to §409(a) of ERISA;

c.    An Order directing an accounting of all employee deferrals for the 401(k) Plan and not remitted as required; and, all amounts diverted from the respective Plans' assets, and an accounting of all losses suffered by the 401(k) Plans and their participants as a result of Defendants' breaches of fiduciary duty, with costs of the accounting to be paid by Defendants;

d.      An Order directing Defendants to pay the 401(k) Plan, on behalf of the named Plaintiffs and each individual plan participant, all amounts required to recover the losses suffered by the 401(k) Plan and their participants as a result of Defendants' breaches of fiduciary duties;

e.      An Order barring Esnor and Peace from any and all future services as fiduciaries to the 401(K) Plan, pursuant to ERISA, §409(a);

f.      An Order directing disgorgement of all ill-gotten gains by Defendants, including all employee benefit contributions not remitted to the Plan;

g.      An Order directing that corporate veils may be pierced, as necessary, between the interrelated corporate defendants to properly effectuate a just remedy;

h.      Order that the Plan set off the individual Plan accounts of Defendants Ensor and Peace against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub . L . No. 105-34, §1502(a), 111 Stat. 788,1058-59 (1997) (codified at 29 U.S.C. §1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

i.      An award of all costs and attorney's fees incurred in the investigation, initiation, and prosecution of the claims in this actions;

j.      An award of pre- and post-judgment interest ;

k.      Provide such other relief as may be just and equitable .

Dated July 24, 2023

s/ Claire W. Bushorn Danzl
Claire W. Bushorn (KY Bar No.: 94782)
**THE BUSHORN FIRM, LLC**

810 Sycamore Street
Cincinnati, Ohio 45202
513.827.5771 – phone
513.725.1148 – fax
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiffs*